# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7768 | **DATE** | 8/9/2001 |
| **CASE TITLE** | JOY SILVER FITZGERALD vs. PEKAY & BLITSTEIN, P.C. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff Joy Silver Fitzgerald's motion for summary judgment [17-1] is denied. Defendant Pekay & Blitstein, P.C.'s motion for summary judgment [11-1] is granted. Judgement is entered for defendant Pekay & Blitstein, P.C. and against Joy Silver Fitzgerald (plaintiff). ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 24 2001 | 24 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | CA | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | 8/9/2001 | |
| sb | courtroom deputy's initials | 01 AUG 23 PM 4:45 | date mailed notice pg | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
AUG 2 4 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOY SILVER FITZGERALD | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 7768 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| PEKAY & BLITSTEIN, P.C. | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Joy Silver Fitzgerald ("Fitzgerald") seeks declaratory judgment that Pekay & Blitstein, P.C. ("Pekay") waived its right to apply Fitzgerald's loan payments to accrued interest before applying the payments to the principal balance (Count I) and sues Pekay for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1601 *et seq.* (Count II). The parties filed cross-motions for summary judgment, pursuant to Fed.R.Civ.P. 56. Pekay moves for summary judgment on Counts I and II. Fitzgerald moves for partial summary judgment on Count II.

## BACKGROUND

### I. The parties

Fitzgerald is a resident of Waukegan, Illinois. Pekay is an Illinois corporation with its registered agent in Chicago, Illinois. Pekay is primarily in the business of collecting debts incurred for personal, family, or household purposes.

### II. Previous litigation

Fitzgerald defaulted on her student loan owed to the Illinois Student Assistance

Commission ("ISAC"). ISAC sued Fitzgerald to collect the money owed. On August 28, 1996, judgment was entered against Fitzgerald. She was ordered to pay $80,371.29 plus court fees. As part of the judgment, Fitzgerald agreed to pay $500 per month. ISAC hired Pekay to administer the judgment collection.

### III. Payment of debt

From July 1996 to June 2000, Fitzgerald made payments to Pekay ranging from $500-$1,000. In April 2000, Pekay sent Fitzgerald an account statement that listed an outstanding balance of $73,725.25. Between April 4, 2000 and June 12, 2000, Fitzgerald made payments to Pekay totaling $1,800.

### IV. ISAC audit

Prior to June 2000, Pekay calculated Fitzgerald's debt by first applying her payments to the principal balance. After the payment was deducted from the balance, interest was added to the remaining amount owed. In May 2000, ISAC audited Pekay. As a result of the audit, Pekay learned its method of calculating Fitzgerald's debt violated the Code of Federal Regulations. The proper calculation method applied Fitzgerald's payment to the total amount of principal plus interest. Pekay's improper calculation method reduced Fitzgerald's balance from $80,371.29 to $73,725.25 over a four-year period. The proper method reduced Fitzgerald's balance to $78,140.89 over a four-year period.

On June 14, 2000, Pekay sent Fitzgerald a letter stating she owed $78,140.81 rather than $73,725.25. The letter explained Pekay originally applied the wrong interest rate calculation to Fitzgerald's account. Pekay applied the new method retroactively to the date judgment was entered against Fitzgerald and recalculated her account balance. After receiving the June 2000

letter, Fitzgerald continued to make payments to Pekay. However, each payment included an "in protest" notation.

## DISCUSSION

### I. Summary judgment standard

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *King v. National Human Resource Committee, Inc.*, 218 F.3d 719, 723 (7th Cir. 2000); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56 (e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### II. Applicable law

The FDCPA was enacted "to protect consumers from abusive, deceptive, and unfair debt collection practices." *Jenkins v. Heintz*, 124 F.3d 824, 828 (7th Cir. 1997). Section 1692(e) of the Act provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692(e). Section 1692(f) provides that "[a] debt collector may not use unfair or unconscionable means to

collect any debt . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* at §1692(f). However, a debt collector may not be held liable under the FDCPA "if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error." *Id.* at §1692(k).

### III.  Count I

Fitzgerald seeks declaratory judgment that Pekay waived its right to apply payments to interest before calculating the principal balance. The waiver argument is based on the fact that Pekay applied Fitzgerald's payments to principal before calculating interest for four years. Pekay contends Fitzgerald is not entitled to declaratory relief because "violations of the FDCPA cannot serve as the basis for injunctive relief for private plaintiffs." Pekay cites *Gammon v. GC Service L.P.*, 162 F.R.D. 313, 319-20 (N.D. Ill. 1995) in support of this proposition. This argument lacks merit. First, Fitzgerald is seeking declaratory relief, not injunctive relief. *Gammon* explicitly holds that declaratory relief may be available under the FDCPA. *Id.* at 319-20. Second, Fitzgerald's declaratory judgment request is based on waiver, not the FDCPA.

In support of her waiver claim, Fitzgerald cites *Guaranty Mortgage & Security Co. et al, v. City of Chicago*, 65 N.E.2d 632, 634 (1st Dist. 1946). This case is distinguishable. The issue addressed was whether the debtor's claims were barred by the statute of limitations.

A waiver "is an intentional relinquishment of a known right." *Miller v. Willow Creek Homes, Inc.*, 249 F.3d 629, 631 (7th Cir. 2001). Acts constituting waiver can be either express or implied. *Id.* Fitzgerald presents no evidence to establish Pekay intentionally gave up its right to collect the proper amount due under federal and state law. She does not dispute the evidence

-4-

Pekay offers to show that the original method of calculation was the result of computer error. Defendant's 56.1 Statement of Facts, ¶ 11, Ex. 3 at ¶ 13. Pekay's motion for summary judgment on Count I is granted.

## IV.  Count II

Fitzgerald asserts that as a result of the waiver, Pekay violated §1692(e) by over-stating her debt by $4,600. Fitzgerald further asserts Pekay violated §1692(f) by retroactively taking payments applied to principal and shifting them to payments of interest. This court need not address whether Pekay's acts constitute violations of the FDCPA. Pekay presents evidence that its misrepresentations were unintentional and that the company had a computer system in place for preventing such errors. *Id.* Fitzgerald does not dispute Pekay's evidence and fails to present evidence to support her argument that Pekay is not exempt from liability under § 1692(k). Allegations that Pekay "chose" its calculation method are insufficient for purposes of summary judgment. *See* Plaintiff's Response, p. 6. Accordingly, Fitzgerald's motion for summary judgment on Count II must be denied, and Pekay's motion is granted.

## CONCLUSION

Fitzgerald's motion for partial summary judgment is denied. Pekay's motion for summary judgment is granted.

ENTER:

_Suzanne B. Conlon_
Suzanne B. Conlon
United States District Judge

August 9, 2001